```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION
```

| | |
|---|---|
| KIRE McCALVIN, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | C.A. NO. C-07-54 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| Director, Texas Department § | |
| of Criminal Justice, § | |
| Correctional Institutions § | |
| Division, § | |
| § | |
| Respondent. § | |

### ORDER ADOPTING IN PART MEMORANDUM AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

On July 10, 2007, United States Magistrate Judge Brian L. Owsley signed a Memorandum and Recommendation recommending that Respondent's "Motion for Summary Judgment" (D.E. 18) be granted, and that Petitioner's "Petition for Writ of Habeas Corpus" (D.E. 1) be dismissed with prejudice. (See D.E. 20.) The Memorandum and Recommendation further recommended that Petitioner be denied a certificate of appealability. On July 18, 2007, Respondent filed "Objections" to the Magistrate's Memorandum and Recommendation. (D.E. 21.) On July 24, 2007, Petitioner also filed objections to the Magistrate's recommendations. (D.E. 22.)

Having reviewed the findings of fact and conclusions of law therein, as well as the pleadings on file and Petitioner's objections, and having made a *de novo* disposition of those portions of the Magistrate Judge's recommended disposition to which

objections were raised, see Koetting v. Thompson, 995 F.2d 37 (5th Cir. 1993); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), the Court hereby adopts as its own the findings and conclusions of the Magistrate Judge, *except for* the following: (1) the findings and conclusions regarding the timeliness of Petitioner's federal habeas petition; and (2) the findings and conclusions regarding Petitioner's claim that his counsel improperly withdrew a motion to suppress.

With respect to the issue of timeliness, the Court makes the following *de novo* determination. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for state prisoners to challenge a conviction by the filing of a federal petition for habeas corpus relief. Prieto v. Quarterman, 456 F.3d 511, 514 (5th Cir. 2006) (citing 28 U.S.C. § 2241(d)). AEDPA provides that the one-year statute of limitations shall typically run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

In this case, the Magistrate concluded that Petitioner's judgment became final on September 26, 2005, the day the Texas Court of Criminal Appeals refused his petition for discretionary

---

[1] Although there are other dates from which the AEDPA statute of limitations might run, none of them are applicable in the present case. See 28 U.S.C. § 2244(d)(1)(B)-(D).

review.[2]  (See D.E. 20 at 16.)  The Magistrate erred, however, in concluding that the judgment became "final" on the date the petition for discretionary review was refused.  When, as here, a criminal defendant has pursued his direct appeal through the highest state court, his conviction does not become "final" for the purposes of the statute of limitations until the expiration of the 90 period for seeking U.S. Supreme Court review of his case.  See, e.g., Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998) (citing Caspari v. Bohlen, 510 U.S. 383 (1994); Motley v. Collins, 18 F.3d 1223, 1225 (5th Cir. 1994)); Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) ("a state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired" and also stating that "If the conviction does not become final by the conclusion of direct review, it becomes final by "the expiration of the time for seeking such review . . . [which] includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by

---

[2] In Respondent's Motion for Summary Judgment, Respondent claimed that the Texas Court of Criminal Appeals refused the petition for discretionary review on August 31, 2005.  (Mot. for Summ. Judg. at 3.)  This was the same date used by the Petitioner in his Petition.  (Pet. at 3.)  The "Official Notice from the Court of Criminal Appeal," however, is dated September 26, 2005. (See Official Notice.)  The Respondent seems to admit that September 26, 2005, is in fact the correct date for the refusal of the petition for discretionary review and uses that date in his Objections.  (See Res. Obj. at 2.)

the state court of last resort"); see also U.S. Sup. Ct. R. 13.1. This 90 day period is included even if the criminal defendant does not actually file a petition for certiorari with the Supreme Court. Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) ("[i]f no petition is filed . . . then this period includes the 90 days for filing a petition for certiorari to the Supreme Court"). Thus, Petitioner's conviction did not become "final" on the September 26, 2005, date used by the Magistrate, but rather became final 90 days after that date, when his time for filing a petition for certiorari with the United States Supreme Court elapsed. Ninety days after September 26, 2005 was Sunday December 25, 2005.[3] Sunday December 25, 2005, is weekend and Monday December 26, 2005, is a federal holiday (observed). Therefore, the deadline for filing a petition for certiorari with the Supreme Court was Tuesday, December 27, 2005. See U.S. Sup. Ct. R. 30.1 (In calculating deadlines, "[t]he last day of the period shall be included, unless it is a Saturday, Sunday, [or] federal legal holiday . . . in which event the period shall extend until the end of the next day that is not a Saturday, Sunday, [or] federal legal holiday").

Because Petitioner's conviction became final on December 27, 2005, Petitioner therefore had until December 27, 2006 to file his federal habeas petition. It is settled, however, that a properly

---

[3] Respondent, in his objections, calculates 90 days from September 26, 2005, as November 29, 2005. (Res. Obj. at 2.) November 29, 2005, however, is only 64 days from September 26.

filed *state* application for post-conviction relief tolls the AEDPA period of limitations for the entire time the state application is pending. 28 U.S.C. § 2244(d)(2). A state application for post-conviction relief is pending "until the application has achieved final resolution through the State's post-conviction procedures." Carey v. Saffold, 536 U.S. 214, 220 (2002). In this case, Petitioner filed a state application for post-conviction relief on November 17, 2006, with 40 days remaining under the AEDPA statute of limitations.[4] The pending state habeas proceeding tolled the

---

[4] The Magistrate stated that Petitioner filed his state petition for habeas corpus on November 12, 2006. Petitioner's state application for writ of habeas corpus is *dated* November 12, 2006, (see State App. at 10), but apparently was not filed until November 17, 2006 (see File Stamp, State App. at 2). It could be that the Magistrate used the November 12, 2006 date because he believed that the "mailbox rule" applied to determining when a prisoner's state habeas petition is filed. The Fifth Circuit, however, has explicitly held that, although the mailbox applies in the federal system and some states, the rule does not apply in determining when a Texas habeas petition is filed. Causey v. Cain, 450 F.3d 601, 604 (5th Cir. 2006) (although the rule applies in Louisiana, "[t]his Court has refused to extend the prison mailbox rule to Texas state habeas filings"); see also Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999).

The Texas Supreme Court has recently approved application of the mailbox rule in civil cases involving pro se inmates. Warner v. Glass, 135 S.W.3d 681, 682 (Tex. 2004). In Warner, the Texas Supreme Court interpreted Rule 5 of the Texas Rules of Civil Procedure as well as the Inmate Litigation Act, Chapter 14 of the Texas Civil Practice and Remedies Code, and determined that a pro se inmate's "petition that is placed in a properly addressed and stamped envelope or wrapper is deemed filed at the moment prison authorities receive the document for mailing." Id. at 682. Neither Rule 5, nor the Inmate Litigation Act apply to state habeas petitions, however. See Tex. Civ. Prac. & Rem. Code § 14.002; Coleman v. Johnson, 184 F.3d 398, 402 n.1 (5th Cir. 1999) ("postconviction proceedings in Texas are governed by criminal

AEDPA statute of limitations until that habeas petition was dismissed on January 17, 2007. (See Action Taken of App. for Writ of Hab. Corp.)  Therefore, Petitioner had the 40 days remaining under AEDPA (that is, until Monday February 26, 2007) to file his federal habeas petition with this Court.  Because Petitioner filed his habeas petition with this Court well-within that time period, his petition is timely filed.[5]

---

rule, see Tex. R. Crim. P. art. 11.07, not [Tex. R. Civ. P. 5,] the civil rule cited by Coleman").  The Fifth Circuit has previously considered whether or not to extend the mailbox rule to Texas state postconviction proceedings, but expressly declined to do so.  Coleman, 184 F.3d at 402.  Although it is possible that the Fifth Circuit would reconsider Coleman in light of Warner, this Court is bound by the Fifth Circuit's holding that the mailbox rule does not apply unless that until that holding is overturned.  Therefore, November 17, is the date that Petitioner's state habeas petition was filed.

[5] There is some dispute as to the exact date on which the Petitioner filed his federal habeas petition.  Petitioner claims that his petition was "filed" on January 30, 2007, the date he claims he placed the petition in the prison mail system to be mailed.  Respondent on the other hand, claims that the Petitioner did not place his petition in the prison mail system until February 1, 2007, and therefore his petition was not filed until that date.  In support of its petition, Respondent attached to its motion for summary judgment a copy of the outgoing prison mail logs, which state that the petition was not placed in the mail until February 1.  The Magistrate, in his Memorandum & Recommendation, used the Petitioner's date (January 30) in calculating the timeliness of the petition.

The Respondent objected to the Magistrate's conclusion that the Petitioner filed his federal habeas petition on January 30, 2007, instead of February 1, 2007.  The Respondent acknowledged the existence of "conflicting evidence," but "object[ed] to the Magistrate's credibility choice against the [Respondent] and for [Petitioner], and request[ed] that the District Judge substitute [her] credibility choice for that of the Magistrate Judge". (Res. Obj. at 2-3.)  It is well-settled, however, that a court may not

As noted above, the Court also DECLINES TO ADOPT the Magistrate's findings of fact and conclusions of law with regard to Petitioner's claim that his counsel improperly withdrew a motion to suppress. (See D.E. 20 at 25-26.) Specifically, Petitioner claims that his counsel improperly withdrew a motion to suppress a tape-recorded statement Petitioner made to a Texas Ranger, which discussed prior violation(s) committed by the Petitioner. Petitioner claims that this improper withdrawal of the motion to suppress caused him to testify in his criminal trial, when he might otherwise have chosen not to take the stand.  Petitioner claims that this withdrawal of the motion to suppress supports his claim of ineffective assistance of counsel.

The Magistrate's Memorandum and Recommendation appears to conclude that Petitioner's defense counsel withdrew the motion to suppress after Petitioner had already testified in the case, and

---

make factual findings or credibility determinations when considering a motion for summary judgment. Rather, "when the parties have submitted evidence of contradictory facts, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Willis v. Roche Biomedical Laboratories, Inc., 61 F.3d 313, 315 (5th Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). In this case, Petitioner declared under penalty of perjury that he placed his petition in the prison mailing system on January 30, 2007. (D.E. 1 at 9; D.E. 19 at 1, 11-12.) The Magistrate was required to credit this evidence for the purposes of summary judgment. See, e.g., Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988); 28 U.S.C. § 1746 (unsworn declarations can be considered on summary judgment if it contains a statement that the declaration is true and correct and made under penalty of perjury).

that the withdrawal of the motion was not prejudicial because the statement would have been admissible regardless, for the purpose of impeaching Petitioner.  (See D.E. 20 at 26.)

Pursuant to the trial transcript, what actually transpired was that initially, the parties agreed that Petitioner's statement would not be admissible, since Petitioner had requested to speak with counsel during a portion of the recording.  After Texas Ranger Oscar Rivera, a government witness, testified during the trial, defense counsel indicated that he was withdrawing his motion to suppress regarding the above-referenced statement, because he wanted to admit the statement for purposes of cross-examination of Ranger Rivera.  Defense counsel stated as follows:

> Your Honor, just to clarify.  I have withdrawn my motion to suppress as to side A of the tape, which I guess we will call the second statement, and any references to the parole violation in the statement inasmuch as it's already come out, and I expect that it's going to come out anyway in the future if the Defendant testifies as anticipated.  So we'll go ahead and waive our objection to that and allow the State to introduce both statements, along – in an unredacted form.

(Trial Transcript, 91:7-16.)

Based on the above, the Court DECLINES TO ADOPT the portion of the Magistrate's Memorandum and Recommendation regarding the withdrawal of the motion to suppress.  (See D.E. 20 at 25-26.)  This is because the Memorandum and Recommendation appears to assume that Petitioner opened the door to use of the above-referenced statement because Petitioner chose to testify in the case.

Specifically, the Memorandum and Recommendation states that "[b]y testifying to a different set of facts at trial, petitioner created the situation in which the recorded statements were used to impeach him. Whether or not his counsel withdrew the motion to suppress, the statements were admissible to impeach him." (See D.E. 20 at 26.) As set forth above, this was not how events actually transpired at Petitioner's trial. Petitioner's defense counsel chose to withdraw the motion to suppress before Petitioner made the final decision to testify. Because the tape-recorded statement made by Petitioner was admitted <u>before</u> Petitioner testified in the case, Petitioner's testimony did not "create [a] situation" in which the recorded statement was admitted to impeach him.

While the Court DECLINES TO ADOPT the portion of the Memorandum and Recommendation on the issue of the motion to suppress, this does not influence the ultimate outcome of Petitioner's habeas claims. From the trial transcript, Petitioner's defense counsel had a reason for withdrawing the motion to suppress: in order to use the tape during cross-examination of Ranger Rivera. Specifically, Petitioner's defense counsel stated as follows: "Your Honor, while we are still on the record, I'm going to withdraw our motion to suppress on the second statement, and if the State wants to go ahead and introduce that directly they can go ahead and do that ***because I want to go ahead and cross-examine the Ranger on that now***." (Trial Transcript,

89:2-7) (emphasis added). Legitimate selections of trial strategy do not form the basis for a claim of ineffective assistance of counsel. Petitioner's defense counsel had a reason for withdrawing the motion to suppress, and it is not the Court's role to second-guess that strategic choice after the fact. Accordingly, although the Court DECLINES TO ADOPT the portion of the Memorandum and Recommendation regarding the withdrawal of the motion to suppress, the Court still adopts the remainder of the Memorandum and Recommendation that dismisses Petitioner's habeas claims on the merits.

Therefore, the Court DECLINES TO ADOPT the Magistrate's Memorandum and Recommendation on the (1) the issue of timeliness; and (2) Petitioner's claim regarding the withdrawal of the motion to suppress, but ADOPTS the Magistrate's Memorandum and Recommendation that Petitioner's habeas petition be dismissed on the merits. Accordingly, it is hereby ORDERED that Respondent's Motion for Summary Judgment (D.E. 18) is GRANTED, and Petitioner's Petition for Habeas Corpus (D.E. 1) is DISMISSED WITH PREJUDICE. Petitioner is DENIED a certificate of appealability.

The clerk shall enter this order and provide a copy to all parties.

SIGNED this the 27th day of July, 2007.

_____
Janis Graham Jack
United States District Judge